UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURWOOD L. PRICE,

        Plaintiff,

v.                                                  Case No. 22-cv-10958

SEAN KENDALL and
ELIZABETH HERTEL

        Defendants.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, DISMISSING COMPLAINT, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**

Having had his previous action dismissed, *Price v. Kendall*, No. 22-10739, 2022 WL 1126036, *3 (E.D. Mich. Apr. 15, 2022), Plaintiff Curwood Lewis Price initiated this second lawsuit against Defendants Sean Kendall, the CEO of Meridian Health, Inc. ("Meridian"), and Elizabeth Hertel, the Director of the Michigan Department of Health and Human Services. (ECF No. 1.) Plaintiff also filed another Application to Proceed without Prepaying Fees or Costs. (ECF No. 2.) The court will grant Plaintiff's application but will dismiss his "Amended Complaint" because it is frivolous and fails to state a claim upon which relief can be granted.

## I.    BACKGROUND

Plaintiff was paroled by the Michigan Department of Corrections on December 14, 2017. (ECF No. 1, PageID.12.) Allegedly, Defendants were sent his medical records reflecting Plaintiff's diagnosis with Reiter's Syndrome – a disease that causes frequent

bouts of Uveitis, a form of eye inflammation. (*Id.*, PageID.13.)  Plaintiff developed Uveitis again in October 2021 and was prescribed specialized eyedrops to combat the inflammation. (*Id.,* PageID.14.) However, his Meridian insurance would not cover the medication, without which Plaintiff's doctors were "at a loss" about how to effectively treat him. (*Id.* at PageID.14-16.)  Eventually, Plaintiff was eventually told that he needs corrective surgery but that his vision might still not be restored to what it once was because he has gone so long without the eyedrops. (*Id.,* PageID.16-17.)

   Plaintiff claims that Defendants refused to pay for his eyedrops because he is a registered sex offender and is in an interracial relationship. (*Id.*, PageID.17.) In an attempt to cure the deficiencies in his previous complaint, Plaintiff claims Defendant Kendall "selected [] Plaintiff for discriminatory action based on his highly active participation in the [Sex Offender Registration Act] Litigation in *Doe v. Snyder*, Case No. 2:16-cv-13137 (E.D. Mich.)[.]" (*Id.* at PageID.20.) Plaintiff also alleges that Defendant Kendall was aware that several employees at Meridian made derogatory and threatening Facebook posts and comments about both Plaintiff's status as a sex offender and his interracial relationship.  (*Id.* at PageID.20-21.)  Thus, according to Plaintiff, the denial of coverage for his eyedrops was malicious and discriminatory. (*Id.* at PageID.21.) Regarding Defendant Hertel, Plaintiff alleges that he "made [her] aware of the discriminatory conduct of Meridian Health," but she did not do anything because she and "all branches of the Michigan Executive Departments" are biased against registered sex offenders. (*Id.* at PageID.22.)

## II.     STANDARD

A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed *in forma pauperis* is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). But when the court grants the application, it has an additional responsibility: dismiss any complaint that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  A complaint lacks an arguable basis in law when it relies on "indisputably meritless legal theories." *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327).  Similarly, a complaint is factually frivolous "when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60 (6th Cir. 2013) (quoting *Neitzke,* 490 U.S. at 327).

Additionally, a complaint must be dismissed unless it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) ("[T]o survive scrutiny under . . . [§] 1915(e)(2)(B)(ii), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

(citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pro se complaints are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "pro se litigants must still comply with the procedural rules that govern civil cases," *Tobias v. Michigan*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011) (Lawson, J.).

### III.   ANALYSIS

Plaintiff brings claims pursuant to 42 U.S.C. §§ 1981, 1983, and 18116 as well as 45 C.F.R. 92.1. (ECF No. 1, PageID.9.)  His claims are either legally frivolous or fail to state a claim upon which relief can be granted.

First, Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property" without respect to race.  42 U.S.C. § 1981.  As such, to establish a claim under Section 1981, a plaintiff must plead and prove that "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin*

*Coll.*, 440 F.3d 350, 358 (6th Cir. 2006).  The Court need not determine whether Plaintiff's allegations that the Meridian employees denied insurance coverage in part due to his interracial relationship rises to the level of racial discrimination, because Plaintiff is not alleging that one of the rights protected under Section 1981 has been infringed. Accordingly, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1981.

Second, "[s]ection 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'"  *Gomez v. Toledo*, 446 U.S. 635, 638 (1980).  Thus, "[s]ection 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979)).  Plaintiff has not identified any right secured by the Constitution or federal law of which he has been deprived. Accordingly, he has not stated a claim for relief under 42 U.S.C. § 1983.

Last is Plaintiff's claim under the Affordable Care Act. 42 U.S.C. § 18116 provides in relevant part:

> [A]n individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, or section 794 of Title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments).  The enforcement mechanisms provided for and available under such title VI, title IX, section 794, or such Age Discrimination Act shall apply for purposes of violations of this subsection.

42 U.S.C. § 18116(a) (internal citations omitted).[1] As Plaintiff has already been instructed, this nondiscrimination provision of the Patient Protection and Affordable Care Act, "incorporates four statutes' prohibition on discrimination into the health care system, effectively prohibiting discrimination based on race, color, national origin, sex, age, or disability." *Price*, 2022 WL 1126036, at *2; *see also* 45 C.F.R. § 92.1 (stating that 42 U.S.C. § 18116 prohibits discrimination "on the grounds of race, color, national origin, sex, age, or disability"). Plaintiff's additional allegations concerning the bias of Meridian staff and the Michigan state departments against registered sex offenders add no substance to the complaint that was previously dismissed, as having a sex offender status is not one of the protected characteristics under 42 U.S.C. § 18116. Plaintiff still falls far short of plausibly alleging any sort of discrimination based on race, color, national origin, sex, age, or disability.

Most recently, Plaintiff filed a supplemental pleading to his Complaint to include a retaliation claim against Defendant Hertel based on the fact that his Food Stamp benefits were cut off in August 2022. (ECF No. 6.) However, Plaintiff has not identified any legal basis for this claim, nor has he pleaded any fact to show that Defendant Hertel engaged in retaliatory conduct. *See Ashcroft*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 557 (finding that if a complaint pleads facts that are "merely consistent with" a defendant's

---

[1] The regulation cited by Plaintiff, 45 C.F.R. § 92.1, merely describes the purpose of the regulations dealing with implementation of § 1557's nondiscrimination provision, and does not provide a private right of action separate from that provided for by 42 U.S.C. § 18116. *See Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (noting the Sixth Circuit "has indicated that federal regulations themselves cannot create a private right of action, since that authority is within the exclusive province of Congress, and that, therefore, the issue of whether there is a private right of action under a particular regulation can be ascertained only by examining the congressional legislation under which it was promulgated").

liability, it "stops short of the line between possibility and plausibility" of entitlement to relief).

Because Plaintiff has failed to state any claims upon which relief may be granted, the Court must dismiss his complaint again. 28 U.S.C. § 1915(e)(2)(B).

## IV.     CONCLUSION

IT IS ORDERED that Plaintiff's Application to Proceed without Prepaying Fees or Costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Amended Complaint for a Civil Case" (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Appoint Counsel" (ECF No. 5) is DENIED AS MOOT.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2022, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-10958.PRICE.GrantingIFPDismissingCompl.NH.docx